Barnard, P. J.
The affidavit for the examination of the judgment debtor stated that no previous application had been made for the order, except that an order had been previously obtained, which was by stipulation between the parties declared “lapsed and abandoned without prejudice to a renewal of the application.” The case shows that there had been still another order, which had been set aside on motion. The affidavit was sufficient to confer jurisdiction. It stated the statute fact that no previous application had been made, with a certain exception. There had been no examination upon the first order, and it will be presumed that it was void. Ko harm is done by the omission to state the issuing of the first order. The case shows that it was granted in violation of a stay then existing, and it was never executed. A new order was taken, and this was declared abandoned. The affidavit was therefore true in all respects without mention of the first order. The judgment was obtained in Westchester county. The execution was issued in Kings county, and returned unsatisfied. The defendant resided there. • The affidavit states that the judgment roll was filed in Westchester county, and that a transcript was duly filed, and the judgment duly docketed, in Kings county, before the execution was issued. There is no force in the objection that the affidavit is fatally defective in not averring a docket of the judgment in Weschester county. The plaintiff filed his judgment roll, and the clerk of Westchester must be presumed to have done his duty, and docketed *322 the same. The transcript is directly based on the docketed judgment, and not on the hied judgment roll. The order should therefore be affirmed, with costs and disbursements. All concur.